LIDIA INOCENCIA ÁLVAREZ RIVERA and HER SISTERS and BROTHER NORMA ELOTIS, OLGA ZELMIRA and ORLANDO, Appellants, *v.* THE REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1383.   Decided December 20, 1961.

*José R. Gelpí* for appellants.   The registrar appeared by brief.

### ORDER

Record having been sought of the order decreeing that the ownership in favor of appellants of a certain rural parcel of 4.07 cuerdas situated in the ward of Plata of Lajas had been established, the registrar denied the same on the ground that "it was not established that the former owner from whom

the immediate former predecessor and owner Emilio Alvarez Mercado, acquired the property, had been summoned." The dominion title proceeding had been brought by some of the heirs of the said predecessor. It appears that all the heirs were named and duly summoned.

In *Ex parte Rosario*, 75 P.R.R. 656, 664–66 (1953), we ratified the oft-stated doctrine that the requirements prescribed by § 395 of the Mortgage Law, 30 L.P.R.A. § 737, for filing a dominion title proceeding are essential and must be strictly complied with. We further said that summoning the former owner affects public order and public policy. This is so because it affords certain guarantee to the claims of the petitioner. Already since 1935, in *Morales* v. *Registrar*, 48 P.R.R. 654, 656, we had sanctioned what respondent registrar maintains in the present appeal, namely, that when the dominion title proceeding is brought by the heir in relation to certain property acquired by inheritance, "there should be summoned the grantors of the predecessor in interest and also the co-owners of the inheritance as co-participants but not as former owners." We justified such position for the reason that since the heirs constitute a continuation of the predecessor's personality, the personality can not be "extended" in order to obviate or evade the summoning of the former owner. In other words, both should be summoned, the summoning only of the heirs or of the owner preceding the predecessor not being sufficient. Should we adopt the solution proposed by appellants—the summoning of the heirs only—we would be confronted by the anomaly that in the event all the heirs should appear as petitioners, it would not be necessary to summon any person in the capacity of former owner. See, also, IV Galindo y Escosura, *Comentarios a la Legislación Hipotecaria de España y Ultramar* 785 (3d ed. 1896); *cf. Rivero et al.* v. *Hernández et al.*, 18 P.R.R. 1001, 1003 (1912). Any statement contrary to the holding in this case contained in the opinion in *Calde-*

*rón et. al.* v. *García*, 14 P.R.R. 407 (1908), especially at p. 418, as well as in *Febre* v. *Febre*, 40 P.R.R. 208, 214 (1929), should be deemed overruled.

The note of refusal entered by the Registrar of San Germán of April 25, 1960 will be affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice. Mr. Justice Serrano Geyls did not participate herein.

(s) LUIS NEGRÓN FERNÁNDEZ<br>*Chief Justice*

I attest:

    (s) IGNACIO RIVERA<br>
    *General Secretary*